**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| ANTONIO GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 2:23-cv-02104 |
| | ) | |
| v. | ) | |
| | ) | |
| MCLANE MIDWEST, INC., | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff, Antonio Gray ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against McLane Midwest, Inc. ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent have been fulfilled or been complied with.

5.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6.    Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.    This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.    At all times material to the allegations of this Complaint, Plaintiff, Antonio Gray resides in Vermilion County, Illinois.

9.    At all times material to the allegations in this Complaint, Defendant, McLane Midwest, Inc. is a corporation doing business in and for Vermilion County, Illinois, whose address is 3400 E. Main Street Danville, IL 61834-9468.

10.    Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.    During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12.    Plaintiff worked for Defendant as a Picker on June 5, 2022.

13.    Since at least June 6, 2022 through September 12, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of race, violating Title VII and Section 1981.

2

14.    Plaintiff is African American and is a member of a protected class because of their race.

15.    As soon as Plaintiff began working on June 6, 2022, Plaintiff witnessed the Caucasian employees referring to the African-American employees as "roaches".

16.    Plaintiff was also told on more than one occasion by several different Caucasian co-workers, "This is why I hate working with YOU people."

17.    Nearly everyday Plaintiff was subjected to similar race-based segregation and hostility.

18.    On or about September 10, 2022, Plaintiff asked two of Plaintiff Caucasian co-workers to put stickers on products.

19.    This very minor task, escalated into the two Caucasian men yelling and screaming at Plaintiff, calling him a "bitch" and "boy" while threatening to physically harm Plaintiff.

20.    This was in direct relation to Plaintiff being an African-American.

21.    The two Caucasian workers simply refused to do any task that was asked of them by an African-American and in response berated Plaintiff will racial derogatory terms.

22.    Plaintiff turned around and walked away from the altercation and went straight to his Supervisor (Caucasian) and reported the racial derogatory comments.

23.    Plaintiff's supervisor failed to conduct an investigation or take any remedial measure.

24.    Later that same day after Plaintiff reported the racial incident to his Supervisor, Plaintiff was told he was suspended pending an investigation.

25.    Plaintiff was suspended on the basis of his race and in retaliation for engaging in protected activity under Title VII.

26.    Plaintiff was never informed or asked to participate in any investigation, nor was Plaintiff informed as to what they found in their investigation.

27.    On or about September 12, 2022, exactly two days after reporting the race-based harassment to the supervisor, Plaintiff was terminated in retaliation for making a complaint of race-based

harassment and on the basis of my race.

28.     Plaintiff met or exceed Defendant's performance expectations during the entire duration of his employment.

29.     Plaintiff was unlawfully terminated because of her race, (African-American) on September 12, 2022.

30.     Plaintiff reported the race-based harassment to Defendant.

31.     Plaintiff was targeted for termination because of their race.

32.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

33.     There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

34.     Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his supervisor about the harassment.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

35.     Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36.     Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

37.     Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of

4

42 U.S.C. Section 1981.

38.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

39.     Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

40.     As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

41.     Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

42.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

43.     Plaintiff met or exceeded performance expectations.

44.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

45.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

46.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race.

47.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

5

48.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Harassment)**

49.     Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

50.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

51.    Defendant knew or should have known of the harassment.

52.    The race-based harassment was severe or pervasive.

53.    The race-based harassment was offensive subjectively and objectively.

54.    The race-based harassment was unwelcomed.

55.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race, African-American.

56.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

57.    As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT IV**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

6

58. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

59. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

60. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race discrimination or race-based harassment.

61. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

62. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination or harassment.

63. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

64. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

65. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

66. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

67. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and

7

against Defendant as follows:

    a.     Back pay with interest;

    b.     Payment of interest on all back pay recoverable;

    c.     Compensatory and punitive damages;

    d.     Reasonable attorneys' fees and costs;

    e.     Award pre-judgment interest if applicable; and

    f.     Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 5th day of May, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*

8